# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: COINBASE CUSTOMER
DATA SECURITY BREACH LITIGATION**                                    MDL No. 3153

### TRANSFER ORDER

**Before the Panel:**\* Plaintiff in the Northern District of California *Shakib* action listed on Schedule A moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This litigation consists of eleven actions pending in four districts, as listed on Schedule A. In addition, the parties have informed the Panel of eight actions pending in three districts.[1]

Defendants Coinbase, Inc., and Coinbase Global, Inc. (collectively, Coinbase), and responding plaintiffs in seven actions and two potential tag-along actions support centralization, but they differ as to the transferee district. Coinbase, plaintiffs in the Southern District of New York *Scheuber*, *Panthaki*, *McAfee*, and *Bender* actions, and plaintiff in the Southern District of New York *Ramo* potential tag-along action support centralization in the Southern District of New York. Plaintiffs in the Northern District of California *Belian* action, the Central District of California *Eisenberg* action, the Western District of Washington *Quito* action, and the Northern District of California *Gonzalez* potential tag-along action support centralization in the Northern District of California. TaskUs, Inc., a defendant in the Southern District of New York *Estrada* potential tag-along action, opposes inclusion of *Estrada* in any MDL and, alternatively, supports centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs are customers of Coinbase, one of the world's largest cryptocurrency exchanges. They all allege that their personally identifiable information, such as names, addresses, phone numbers, email addresses, partial Social Security numbers, masked bank account numbers, government-issued ID images, and account data, was compromised during a cybersecurity incident affecting Coinbase. The actions raise common questions of fact, such as how and when the breach occurred, the sufficiency of Coinbase's data security practices, how and when Coinbase notified breach victims, and the nature of the alleged damages.

---

\* Judge Roger T. Benitez did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

The Southern District of New York is an appropriate transferee district for this litigation. Four actions and four potential tag-along actions are pending in the district. Coinbase maintains corporate offices in New York and has a major data center in nearby Secaucus, New Jersey. Thus, relevant witnesses and documents may be in or near the Southern District of New York. We assign the litigation to Judge Edgardo Ramos, who we are confident will steer this litigation on a prudent and expeditious course. Because we are centralizing the litigation in the Southern District of New York, we need not determine whether to include the Southern District of New York *Estrada* potential tag-along action in the MDL. Instead, the transferee judge can determine whether the factual overlap between *Estrada* and the centralized actions merits reassigning *Estrada* to him. *See* Panel Rule 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

IT IS THEREFORE ORDERED that actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Edgardo Ramos for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton            Matthew F. Kennelly
David C. Norton                Dale A. Kimball
Madeline Cox Arleo

**IN RE: COINBASE CUSTOMER**
**DATA SECURITY BREACH LITIGATION**                    MDL No. 3153

## SCHEDULE A

Central District of California

EISENBERG v. COINBASE GLOBAL, INC., ET AL., C.A. No. 2:25−04460

Northern District of California

BELIAN v. COINBASE GLOBAL, INC., ET AL., C.A. No. 3:25−04171
SHAKIB v. COINBASE GLOBAL, INC., ET AL., C.A. No. 3:25−04207
ORTIZ v. COINBASE, INC., C.A. No. 3:25−04235
NEU, ET AL. v. COINBASE GLOBAL, INC., ET AL., C.A. No. 3:25−04243
SQUEO, ET AL. v. COINBASE, INC., ET AL., C.A. No. 3:25−04254

Southern District of New York

PANTHAKI, ET AL. v. COINBASE GLOBAL, INC., ET AL., C.A. No. 1:25−04094
MCAFEE v. COINBASE, INC., ET AL., C.A. No. 1:25−04137
BENDER v. COINBASE GLOBAL, INC., ET AL., C.A. No. 1:25−04148
SCHEUBER v. COINBASE, INC., ET AL., C.A. No. 1:25−04151

Western District of Washington

QUITO v. COINBASE GLOBAL, INC., ET AL., C.A. No. 2:25−00940